UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IVA BRUSCH,

    Plaintiff,

v.                                            Case No.: 15-13972
                                               Honorable Victoria A. Roberts

CAROLYN W. COLVIN,

    Defendant.

_____/

## ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

Before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act [Doc 23]. The application is fully briefed.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On September 4, 2012, Plaintiff Iva T. Brusch ("Brusch") filed applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under sections 216(I) and 223, and sections 1611 and 1614 of the Social Security Act respectively, 42 U.S.C. Sections 416(I), 423, 1381(a) and 1382(a). Her applications were denied. Brusch then filed a request for a hearing and testified before an administrative law judge ("ALJ"). The ALJ denied her claims for disability benefits. The Appeals Council denied review and a final administrative decision by the Commissioner was rendered.

Brusch then filed a Complaint for Judicial Review pursuant to 42 U.S.C. § 405(g). Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner")

1

filed a Stipulated Motion for Remand. This court remanded the case to the Social Security Agency.

Brusch filed an application for $9,799.40 in attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for work performed in 2015 and 2016: 51.2 attorney hours at a rate of $184.50 per hour and 3.53 paralegal hours at $100 per hour.

The Commissioner responded and agreed that Brusch is entitled to attorney's fees under EAJA, but objects to the requested amount for the following reasons: (1) fees cannot be awarded for the clerical work of paralegals, and 2) the attorney's reported hours are unreasonably excessive because (a) the Sixth Circuit has found 20-40 hours to be the norm for Social Security disability cases; (b) and neither the length of the administrative transcript nor the arguments contained in Brusch's motion for summary judgment justifies a request for more.

In her Reply, Brusch agreed to eliminate the clerical work and reduce the paralegal hours to 2.52. However, she asserts that the attorney hours are not unreasonably excessive because of the length of the transcript and the attorneys' newness to the case. Brusch now requests 52.7 attorney hours, to account for time spent on the reply, and 2.52 paralegal hours.

## II.   DISCUSSION

Unless otherwise prohibited by statute, the EAJA allows a court to award reasonable attorneys' fees and expenses in civil cases brought against the United States, its agencies, or its officials acting in their official capacity. 28 U.S.C. § 2412(b). An applicant can recover under EAJA if (1) the applicant is the prevailing party, (2) the government's position is without substantial justification, and (3) no special

2

circumstances warrant denying relief. *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723,725 (6th Cir. 2014) (citing *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006)). The attorney fee awarded cannot exceed $125 per hour, except when the Court determines that a higher fee is justified by a special factor like an increase in the cost of living. *Id.* § 2412(1)(D)(2)(A).

Brusch contends that due to cost of living increases, the court should set the hourly rate at $184.50. The Commissioner does not disagree with the rate, only the total attorney hours claimed.

When a court finds that a party is eligible for fees and expenses under EAJA, it uses the lodestar amount to calculate a reasonable attorney fees award. *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016) (citing *Comm'r, I.N.S. v. Jean,* 496 U.S. 154, 160 (1990)).) The lodestar amount is the number of hours billed multiplied by a reasonable hourly rate. *Minor*, 826 F.3d at 881 (6th Cir. 2016)(citing *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007)).

The EAJA does not limit the amount of attorney's hours and only requires the attorney to submit all hours in an itemized statement. 28 U.S.C. § 2412(d)(1)(B). However, the court need not accept the hours asserted by the attorney; it can reduce the amount for "duplication, padding or frivolous claims." *Glass v. Sec'y of Health & Human Servs.*, 822 F.2d 19,21 (6th Cir. 1987)(citing *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624, 636 (6th Cir. 1980)); *See also Hensley v. Eckerhart,* 461 U.S. 424, 433 (fees should exclude excessive, redundant, or inadequately documented time). If the court does reject the attorney's submitted hours, it must specify why. *Glass*, 822 F.2d at 21.

The Commissioner asserts that the Sixth Circuit, in *Glass*, found a range of 20-40[1] attorney hours to be a reasonable amount for Social Security disability cases. The Commissioner argues Brusch does not establish a basis for the hours requested.

In *Glass,* the Sixth Circuit stated that while the district judge *may have* correctly determined 20 to 30 attorney hours to be the norm, "the relevant question, however, is not what is required in most social security cases, but what did *this* case require." *Glass*, 822 F.2d at 21. Thus, the Court needs to consider whether the amount of 52.7 attorney hours asserted by Brusch was what her case required, and whether any of the hours were duplicate, padded, or for frivolous claims.

The Sixth Circuit has not explicitly tackled the relationship between the amount of attorney hours expended and the size of the transcript or the length of a brief. However, this court has recognized that attorney hours are not unreasonable solely because of these factors. *See Grooms v. Comm'r of Soc. Sec.*, No. 08-14189, 2010 WL 7695627, at *3 (E.D. Mich. Oct. 21, 2010), Report and Recommendation adopted, No. 2:08-14189, 2011 WL 4536886 (E.D. Mich. Sept. 30, 2011)(finding that a short brief was not enough to make the 62.25 hours requested unreasonable because "as is often the case with litigation, theories, analyses, and research may be undertaken, reworked, and ultimately rejected by counsel, which is difficult to account for in the final product presented to the Court"); *See also Coates v. Colvin,* No. 12-CV-13900, 2014 WL 1389328, at *5 (E.D. Mich. Apr. 9, 2014)(finding that the shortness of the brief was not a reason to find 49 hours unreasonable because "the length of a brief is not an accurate

---

[1] In *Glass,* the range in question was actually 20-30 hours.

marker for determining whether the hours worked were reasonable under the circumstances herein"; *See also Wyatt v. Comm'r of Soc. Sec.*, No. 2:12-CV-15647, 2015 WL 6736166 (E.D. Mich. Nov. 4, 2015)(finding that 45.77 hours were reasonable).

The administrative transcript counsel needed to review was 705 pages. This is a sizable document and this court has awarded more hours for smaller transcripts. *See Grooms v. Comm'r of Soc. Sec.*, No. 08-14189, 2010 WL 7695627, at *3 (E.D. Mich. Oct. 21, 2010), Report and Recommendation adopted, No. 2:08-14189, 2011 WL 4536886 (E.D. Mich. Sept. 30, 2011)(where the court awarded 62.25 hours and the transcript was 600 pages). *See also Wyatt v. Comm'r of Soc. Sec.*, No. 2:12-CV-15647, 2015 WL 6736166 (E.D. Mich. Nov. 4, 2015)(awarding 45.77 hours after finding that, "while none of the issues raised were extraordinarily complex, the plaintiff raised two separate errors for review").

### III.   CONCLUSION

Brusch seeks attorney fees under the EAJA. The Commissioner agrees that Brusch is eligible for attorney fees but objects to the amount of hours as excessive. The Sixth Circuit has found that reasonableness of attorney hours expended should be judged on a case by case basis. This court has found that the length of the transcript and extensiveness of the brief are not reasons to find attorney hours unreasonable. Brusch's attorneys reviewed a 705-page document, and submitted a motion for summary judgment with three separate errors for review. The amount of attorney hours claimed is reasonable, and the court awards Brusch $9,975.15 for 52.7 attorney hours at a rate of $184.50 per hour, and 2.52 paralegal hours at a rate of $100 per hour, for work completed in 2015 and 2016.

IT IS ORDERED.

                                                                s/ Victoria A. Roberts
                                                                Victoria A. Roberts
                                                                United States District Judge

Dated: April 6, 2017

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 6, 2017.
>
> s/Linda Vertriest
> Deputy Clerk

6